UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-80594-CIV-SINGHAL/MAYNARD

MELISSA LORS,

 Plaintiff,

v.

O&L LAW GROUP, P.L.,
OLIPHANT USA, LLC, and
ACCELERATED INVENTORY
MANAGEMENT, LLC,

 Defendants.
_____/

## REPORT AND RECOMMENDATION ON
## DEFENDANT O&L LAW GROUP, P.L.'S MOTION TO DISMISS [DE 28]

Plaintiff Melissa Lors ("Lors"), proceeding *pro se*, has initiated this five-count lawsuit against three Defendants for alleged violations of the Fair Debt Collection Practices Act ("FDCPA") and defamation. DE 1. Defendants Oliphant and Accelerated Inventory Management have filed answers to the complaint, DE 22, while Defendant O&L Law Group ("O&L Law") filed a Motion to Dismiss ("Motion"), DE 28. Lors has responded in opposition to the Motion, DE 34, O&L Law has replied, DE 39, and Lors has sur-replied, DE 40.

Presiding U.S. District Judge Raag Singhal has referred the Motion to me for appropriate disposition. DE 41. For the reasons stated below, I respectfully recommend that the Motion be **GRANTED IN PART AND DENIED IN PART** and that the complaint be dismissed in its entirety but with leave to file an amended complaint.

1

## **BACKGROUND**

At this motion-to-dismiss stage, as I must, I accept Lors' factual allegations as true and construe them in the light most favorable to her.

On October 7, 2023, Lors received a debt collection letter from O&L Law. DE 1 at ¶ 5; *see also* DE 1-1 at 2 (O&L Law's debt collection letter). Lors claims she had no prior business or signed agreements with any of the Defendants, nor did she give any of them permission to contact her. DE 1 at ¶¶ 6–9. On November 14, 2023, Lors sent a letter disputing the debt and requesting verification. *Id.* at ¶ 10; *see also* DE 1-1 at 4–5 (Lors' first letter). O&L Law sent Lors a reply that included blank, unsigned, or robo-signed documents but "did not contain the requested documentation, including the requested wet ink signature contract signed by Plaintiff." DE 1 at ¶¶ 11–17; *see also* DE 1-1 at 7–28 (O&L Law's reply letter).

On December 15, 2023, Lors sent a second letter requesting the same information as before. DE 1 at ¶ 18; *see also* DE 1-1 at 30–33 (Lors' second letter). Lors never received a response to this second letter. DE 1 at ¶ 19.

According to Lors, Defendants reported an alleged debt on her consumer credit report that included a different creditor name than that included in the collection letters she received. DE 1 at ¶¶ 20–21; *see also* DE 1-1 at 35–36. When Lors applied for a $10,000 credit line for dental work, she was denied, causing her to "walk around with bad, damaged teeth." DE 1 at ¶¶ 22–24.

In her Complaint, Lors alleges that Defendants are liable to her for violating four specified provisions of the FDCPA. Specifically, Lors alleges that Defendants contacted her without her consent or proper authorization, in violation of 15 U.S.C. § 1692c(a) (Count 1); made a false and misleading representation by identifying O&L Law as the debt collector in the

2

initial letter while identifying O&L Law as a representative of another entity in a later letter, as "letters from any attorney are intimidating[,]" in violation of 15 U.S.C. § 1692e(3) (Count 2); reported different debt collector names to Lors and credit reporting agencies, in violation of 15 U.S.C. § 1692e(14) (Count 3); and failed to give Lors "a written notice" pursuant to 15 U.S.C. § 1692g(a) (Count 4). DE 1 at ¶¶ 25–55. Lors further alleges a fifth count for defamation based on Defendants' alleged reporting of inaccurate, unverified information to consumer credit reporting agencies resulting in Lors being denied credit for necessary dental work (Count 5). *Id.* at ¶¶ 56–65.

## **STANDARD OF REVIEW**

Under Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss a complaint for failure to state a claim upon which relief can be granted. When considering such a motion, a court must accept the factual allegations pleaded in the complaint as true and must construe the complaint in the light most favorable to the plaintiff. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007); *Jackson v. Bellsouth Telecomms.*, 372 F.3d 1250, 1262 (11th Cir. 2004). To survive a motion to dismiss, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face" so as to "nudge [her] claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In determining whether the plausibility standard is met, a court must consider the pleading as a whole and must draw on judicial experience and common sense. *Id.*; *see also Speaker v. U.S. Dept. of Health & Human Services Centers for Disease Control & Prevention*, 623 F.3d 1371,

1380 (11th Cir. 2010) (citations omitted).  Courts are not "bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

A plaintiff need not detail all the facts on which her claim is based; rather, Rule 8(a)(2) requires only a short and plain statement that fairly notifies the defendant of what the claim is and the grounds on which it rests. *Twombly*, 550 U.S. at 555–56; *Randall v. Scott*, 610 F.3d 701, 705 (11th Cir. 2010).  The allegations must, however, be enough to raise a right to relief above the speculative level. *Id*.  The Federal Rules demand "more than an unadorned, the-defendant-unlawfully-harmed-me-accusation." *Iqbal*, 556 U.S. at 662.  "Mere 'labels and conclusions or a formulaic recitation of the elements of a cause of action will not do,' and a plaintiff cannot rely on 'naked assertions devoid of further factual enhancement.'" *Franklin v. Curry*, 738 F.3d 1246, 1251 (11th Cir. 2013) (citation omitted).  "[I]f allegations are indeed more conclusory than factual, then the court does not have to assume their truth." *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012).

In analyzing a motion to dismiss, courts may consider the facts contained in the complaint, the complaint's accompanying exhibits, and any extrinsic document where (1) such documents are central to the plaintiff's claim, and (2) their authenticity is not challenged. *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 958 (11th Cir. 2009); *SFM Holdings, Ltd. v. Banc of Am. Secs., LLC*, 600 F.3d 1334, 1337 (11th Cir. 2010).  Here, attached as exhibits to the Complaint are a series of letters and accompanying documents between Lors and O&L Law pertaining to the at-issue debt collection, as well as the excerpt of a consumer credit report and a third-party letter denying Lors' application for credit.  As I am permitted to do, I have considered these central exhibits in considering O&L Law's Motion.

4

A pleading drafted by a party proceeding unrepresented (*pro se*) is held to a less stringent standard than one drafted by an attorney, and the Court will construe the documents filed as a complaint liberally. *Jones v. Fla. Parole Comm'n*, 787 F.3d 1105, 1107 (11th Cir. 2015); *see also Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008) (noting that *pro se* pleadings are held to a less strict standard than pleadings from counseled parties and are liberally construed). However, the court's "duty to liberally construe a plaintiff's complaint in the face of a motion to dismiss is not the equivalent of a duty to re-write it." *Snow v. DirecTV, Inc.*, 450 F.3d 1314, 1320 (11th Cir. 2006) (quotation omitted). Ultimately, the question is not whether the claimant "will ultimately prevail . . . but whether [her] complaint [is] sufficient to cross the federal court's threshold." *Skinner v. Switzer*, 562 U.S. 521, 530 (2011).

## **DISCUSSION**

Lors alleges in her complaint that O&L Law and two other Defendants violated the FDCPA and are liable to her for defamation. In its Motion, O&L Law seeks dismissal of the complaint on several bases which can be distilled down into the following two arguments. First, O&L Law argues that the complaint must be dismissed as a shotgun pleading that impermissibly lumps all Defendants together and incorporates each preceding count into all successive counts. DE 28 at 5–8. Second, O&L Law argues that Lors lacks standing and fails to state a cause of action for any of her FDCPA claims. *Id.* at 8–19.[1] Upon review, I find that the complaint is subject to dismissal as an impermissible shotgun pleading, but Lors should be granted leave to file an amended complaint.

---

[1] O&L Law raises a third argument that Lors cannot state a claim for defamation because such claim is preempted by the Fair Credit Reporting Act. DE 28 at 19. In her response, Plaintiff requests for her FDCPA claims to be allowed to proceed against all Defendants but for her defamation claim to proceed solely against Defendants Accelerated Inventory and Oliphant USA. DE 34 at 7–8. I construe this request as a withdrawal of her defamation claim as to O&L Law, thereby rendering moot this third argument.

## I.     The Complaint is an Impermissible Shotgun Pleading

The complaint is an impermissible shotgun pleading. It is well settled that shotgun pleadings "are altogether unacceptable . . . [and] exact an intolerable toll on the trial court's docket." *Cramer v. State of Fla.*, 117 F.3d 1258, 1263 (11th Cir. 1997). Such pleadings are disfavored because they burden the court and opposing parties with the task of sifting through the allegations to determine which facts support which claims against which of the named defendants. *See Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1321–23 (11th Cir. 2015). The Eleventh Circuit has identified four general categories of shotgun pleadings: (1) a complaint "containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint"; (2) a complaint that is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action"; (3) a complaint that fails by "not separating into a different count each cause of action or claim for relief"; and (4) a complaint that asserts "multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Id.*

Here, the complaint quintessentially falls into at least the first and fourth categories of shotgun pleadings. It includes multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint. *See, e.g.*, DE 1 at ¶¶ 32, 40, 49, 56 (for each of the five counts, "Plaintiff re-alleges and reincorporates all previous paragraphs as if fully set out herein"). Moreover, the complaint identifies three entirely separate Defendants, describes Lors' receipt of a debt collection letter from O&L Law, and then broadly asserts claims against

6

"Defendants" collectively without specifying which Defendant is responsible for what. Defendants are three separate entities, and each is entitled to have fair notice of the acts or omissions for which each is allegedly responsible. The complaint therefore qualifies as an impermissible shotgun pleading.

Despite its shotgun nature, I nonetheless find that the complaint contains enough factual allegations to place Defendants on fair notice of the general nature of Lors' claims. Specific incidents, dates, and alleged conduct by certain named Defendants are sufficiently identifiable in the facts section. This is especially true considering Lors' inclusion of attached key documents, which correspond generally to her claims. The complaint does not rise to the level of unintelligibility warranting outright dismissal at this stage. Instead, considering Lors' *pro se* status and since this would be her first amendment, Lors should be afforded an opportunity to file an amended complaint to address the deficiencies discussed in this report. I therefore recommend that the complaint be dismissed without prejudice and that Lors be required to file an amended complaint that clearly identifies which alleged facts support each legal claim (as opposed to merely incorporating all preceding paragraphs into each cause of action) and which defendants are alleged to have engaged in which alleged misconduct.

### II. Plaintiff Must State Valid Claims for Relief

Because I recommend dismissal on shotgun pleading grounds at this juncture, it is not necessary for the Court to address in detail O&L Law's other arguments for dismissal. Lors is reminded, however, that "a complaint must contain enough facts to indicate the presence of the required elements." *Principe v. Seacoast Banking Corp. of Fla.*, 2010 WL 11558219, at *2 (S.D. Fla. Mar. 25, 2010) (emphasis added). Here, Lors primarily seeks to hold Defendants liable for violations of the FDCPA. The FDCPA's purpose is "to eliminate abusive debt

collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." *Glover v. Ocwen Loan Servicing, LLC*, 127 F.4th 1278, 1284 (11th Cir. 2025) (citing 15 U.S.C. § 1692(e)). The FDCPA pursues its objectives "by imposing affirmative requirements on debt collectors and prohibiting a range of debt-collection practices." *Id.* (citing *Rotkiske v. Klemm*, 589 U.S. 8, 10 (2019) and several FDCPA provisions). To state a valid FDCPA claim, a plaintiff must allege that (1) she has been the object of collection activity arising from consumer debt, (2) the defendant is a debtor collector as defined by the FDCPA, and (3) the defendant has engaged in an act or omission prohibited by the FDCPA. *Fuller v. Becker & Poliakoff, P.A.*, 192 F. Supp. 2d 1361, 1366 (M.D. Fla. 2002).

To her credit, Lors sufficiently alleges the existence of an underlying consumer debt and that she has been the object of unlawful collection activity relating to that debt. She also cites and restates language from specific provisions of the FDCPA that have allegedly been violated. However, formulaic recitations of statutory language at issue or generalized allegations of wrongdoing are not sufficient to satisfy a plaintiff's burden to state a valid claim. *See Georgia Ass'n of Latino Elected Officials, Inc. v. Gwinnett Cnty. Bd. of Registration & Elections*, 36 F.4th 1100, 1118 (11th Cir. 2022) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice to satisfy a plaintiff's burden to support the elements of [her] claim.") (cleaned up).

In its current form, the complaint fails to state valid claims for relief. In Count 1, Lors generally realleges all prior paragraphs, recites a selected excerpt of the statutory language from 15 U.S.C. § 1692c(a), and states in conclusory fashion that she "did not give Defendants consent

8

to contact her" and there is no evidence of express court permission for them to do so, making "Defendants" collectively "liable for that violation pursuant to 15 [U.S.C. §] 1692k(a)(1) for actual damages." DE 1 at ¶¶ 25–29. These threadbare recitals are insufficient to state a valid claim under the cited provision. Notably, as O&L Law correctly points out, the cited provision prohibits a debt collector from "communicat[ing] with a consumer in connection with the collection of any debt . . . *at any unusual time or place or a time or place known or which should be known to be inconvenient to the consumer*." 15 U.S.C. § 1692c(a)(1) (emphasis added). Thus, to state a valid claim for relief under this cited provision, Lors must allege sufficient facts to indicate that a specified defendant or defendants communicated with her at an inconvenient time or place or in an inconvenient manner. *See, e.g.*, *Drew v. Mamaroneck Cap., LLC*, 2017 WL 4018854, at *3 (M.D. Ga. Sep. 12, 2017) (finding inconvenience where the consumer "expressly requested the Defendants to send future communication to the Rochelle address, but the Defendants ignored her request and still sent their response letter to an address in Pitts, Georgia.").

Similarly, in Count 2, Lors again generally realleges all prior paragraphs, recites statutory language from 15 U.S.C. § 1692e(3), states that O&L Law's first letter states that it is a debt collector while the second letter states that the firm was retained to represent another entity, and alleges in conclusory fashion that "[t]hese acts are believed to be false and misleading as letters from an attorney are intimidating." DE 1 at ¶¶ 32–36. Without more, these allegations fail to state a valid claim of misconduct, particularly considering that debt collectors and law firms are not mutually exclusive entities. The cited provision of 15 U.S.C. § 1692e(3) prohibits "false representation or implication that . . . any communication is from an attorney," however the FDCPA defines the term "debt collector" as including "any person

who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). And importantly, the Supreme Court has interpreted this definition to include attorneys who regularly engage in consumer debt collection activity. *See Heintz v. Jenkins*, 514 U.S. 291, 299 (1995). Thus, O&L Law's statements (1) that it is a debt collector and (2) that it was retained to represent another entity do not inherently combine to constitute a misrepresentation; to state a valid claim under this cited provision, Lors must allege sufficient facts to indicate that the letters she received falsely represented or implied that they were from any attorney when they were not.

Lors also alleges that Defendants failed to sufficiently verify the at-issue debt in accordance with her specific requests, including by providing her with "the requested wet ink signature contract signed by Plaintiff." *See* DE 1 at ¶ 11. It should be noted that the FDCPA does not require a debt collector to prove the validity of a debt to a debtor's satisfaction or to comply with a debtor's laundry list of demands for specific documents, such as "wet ink signature" documents. Rather, it "requires only that a debt collector cease collection of the debt if it is disputed, unless the debt collector verifies the debt . . . ." *Hepsen v. Resurgent Capital Serv., LP*, 383 F. App'x. 877, 881–82 (11th Cir. 2010) (per curiam). Here, the complaint and its attached documents suggest that this process was followed.[2]

---

[2] These are just select examples of failures to state valid claims in the current complaint and are not intended to be taken as the only deficiencies. The FDCPA contains a number of provisions prohibiting a wide range of debt-collection practices. The burden is on Lors to plead "enough facts to state a claim to relief that is plausible on its face" so as to "nudge [her] claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. This means alleging sufficient facts to satisfy every legal element of every claim raised.

10

## CONCLUSION

Because the Complaint is a shotgun pleading, I respectfully **RECOMMEND** that Defendant's Motion to Dismiss, DE 28, be **GRANTED IN PART AND DENIED IN PART**, that the complaint be **DISMISSED WITHOUT PREJUDICE**, and that Lors be afforded an opportunity to file an amended complaint to state valid claims for relief and otherwise address the deficiencies discussed in this report.

If Lors is given an opportunity to file an amended complaint, she must do so in a manner that meets the requirements of the Federal Rules of Civil Procedure. That is, any amended complaint must provide a short and plain statement of Plaintiff's claims; must state claims in numbered paragraphs limited to a single set of relevant circumstances; must state the legal basis for each cause of action founded on a separate occurrence in a separate count; must specify exactly who Plaintiff is suing in each cause of action and why; and must set forth facts—not threadbare recitals or generalized allegations of wrongdoing—that plausibly demonstrate a valid legal basis for the claims. Failure to comply with these directives may result in dismissal of this case without further notice. *See Campbell*, 760 F.3d at 1168–69 (Liberally construing a *pro se* pleading does not give "a court license to serve as de facto counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action."); *Phillips v. Mashburn*, 746 F.2d 782, 785 (11th Cir. 1984) (A party's *pro se* status "should not be a broad highway into the federal courts.").

## NOTICE OF RIGHT TO OBJECT

The parties shall have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with U.S. District Judge Raag Singhal. Failure to file objections timely shall bar the parties from a *de*

*novo* determination by the District Judge of an issue covered in the Report and Recommendation and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report and Recommendation.  *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1 (2016).  **Conversely, if a party does not intend to object to this Report and Recommendation, then that party shall file a Notice of such within five (5) days of the date of this Report and Recommendation.**

    **DONE AND RECOMMENDED** in Chambers at Fort Pierce, Florida, this 29th day of July, 2025.

                                              SHANIEK MILLS MAYNARD
                                              U.S. MAGISTRATE JUDGE