UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-80594-CIV-SINGHAL

MELISSA LORS,

    Plaintiff,
vs.

O&L LAW GROUP, PL, *et al*.,

    Defendants.
_____/

## ORDER

**THIS CAUSE** came before the Court on Defendant O&L Law Group's ("O&L" or "Defendant") Motion to Dismiss Plaintiff's Complaint (the "Motion") (DE [28]), filed on September 3, 2024. Plaintiff Melissa Lors ("Lors" or "Plaintiff") filed her Opposition to Defendant's Motion to Dismiss (the "Opposition") (DE [34]) on October 15, 2024. Then, Defendant filed its Reply to Plaintiff's Opposition to Defendant's Motion to Dismiss (the "Reply") (DE [39]) on October 22, 2024. Plaintiff submitted a Sur-Reply in Opposition to Defendant's Reply (the "Sur-Reply") (DE [40]) on November 5, 2024. Thus, the Motion was ripe for the Court's adjudication.

The Motion was referred to Magistrate Judge Shaniek Mills Maynard for a Report and Recommendation ("R&R") on December 31, 2024, pursuant to 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. Rule 72, and the Magistrate Rules of the Local Rules of the Southern District of Florida. *See* (DE [41]). On July 29, 2025, Judge Maynard issued an R&R, recommending that Defendant's Motion be granted in part and denied in part. (DE [43] at p. 11). That is, Judge Maynard advised that Plaintiff's Complaint (DE [1])

should be dismissed without prejudice and "Lors be afforded an opportunity to file an amended complaint to state valid claims for relief and otherwise address the deficiencies discussed. . ."  *Id.*  Defendant objected to this R&R on August 11, 2025.  *See* (DE [45]).  The Court reviewed the relevant filings and is advised in the premises.

## I. BACKGROUND

The Court will not rework the facts, background, and applicable legal standards articulated by Judge Maynard.  This Court adopts Judge Maynard's description of the factual and procedural background and the applicable legal standards in the R&R (DE [43]) and incorporates that background by reference herein.

In its Motion, Defendant raised two broad grounds for dismissing Plaintiff's Complaint.  First, Defendant argued the Complaint must be dismissed as a shotgun pleading.  Second, Defendant made arguments about Plaintiff's "standing to bring [her] claims and inability to prove the necessary elements for any of her FDCPA [Fair Debt Collection Practices Act] claims."  (DE [45] at p. 2).  That is, Defendant argues Plaintiff's Complaint should instead be dismissed with prejudice.  *Id.*  The Court will address this objection below.

## II. STANDARDS OF REVIEW

### A. Review of a Magistrate Judge's Report and Recommendation

When a party objects to a magistrate judge's findings, the district court must "make a de novo determination of those portions of the report ... to which objection is made."  28 U.S.C. § 636(b)(1).  The district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  *Id.*  The district court must consider the record and factual issues independent of the

magistrate judge's report, as de novo review is essential to the constitutionality of § 636. *Jeffrey S. v. State Bd. of Educ.*, 896 F.2d 507, 513 (11th Cir. 1990).

### B. Motion to Dismiss

At the pleading stage, a complaint must contain "a short and plain statement of the claim showing the [plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a). Although Rule 8(a) does not require "detailed factual allegations," it does require "more than labels and conclusions . . . a formulaic recitation of the cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To survive a motion to dismiss, "factual allegations must be enough to raise a right to relief above the speculative level" and must be sufficient "to state a claim for relief that is plausible on its face." *Id.* at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In considering a Rule 12(b)(6) motion to dismiss, the court's review is generally "limited to the four corners of the complaint." *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009) (quoting *St. George v. Pinellas Cty.*, 285 F.3d 1334, 1337 (11th Cir. 2002)). Courts must review the complaint in the light most favorable to the plaintiff, and it must generally accept the plaintiff's well-pleaded facts as true. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *Am. United Life Ins. Co. v. Martinez*, 480 F.3d 1043, 1057 (11th Cir. 2007). However, pleadings that "are no more than conclusions are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679.

## III.  DISCUSSION

In her R&R, Judge Maynard recommended dismissal, characterizing the Complaint as an "impermissible shotgun pleading."  (DE [43] at p. 6).  For this reason, Judge Maynard found it unnecessary to "address in detail O&L Law's other arguments for dismissal." *Id.* at p. 7.  That is precisely what Defendant objects to, arguing that Judge Maynard should have considered its arguments about Plaintiff's standing and ability to prove necessary elements for any of her FDCPA claims.  (DE [45] at p. 2).

Defendant can be assured that the Court reviewed its Objections thoroughly.  Even so, the Court is not inclined to agree.  As a preliminary matter, the Court must consider that Plaintiff is proceeding *pro se*.  Certainly, documents filed *pro se* must be "liberally construed[]" and evaluated with "less stringent standards than formal pleadings drafted by lawyers[.]"  *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (citations omitted).  And upon examination of Plaintiff's Complaint, the Court also concurs with Judge Maynard that, in its current form, the Complaint features intelligible factual allegations and with adequate specificity as to "place Defendants on fair notice of the general nature of Lors' claims."  (DE [43] at p. 7).  Therefore, the Court agrees with Judge Maynard that it would be appropriate to afford Plaintiff the opportunity to file an amended complaint to address deficiencies with the Complaint.

Though it recognizes Defendant's interests, the Court should not prioritize resolution of the case without giving ample opportunity for parties' arguments to be heard.  And some of Defendants' arguments only bolster the Court's view that Plaintiff should have an opportunity to amend her complaint.  For instance, Defendant notes that "any emotional distress allegedly resulting from the credit denial is wholly unrelated to

4

O&L Law and cannot support a claim for actual damages under FDCPA." (DE [45] at p. 6). While Defendant argues this warrants dismissal with prejudice, Judge Maynard had flagged this same issue in her R&R, noting Plaintiff "broadly asserts claims against 'Defendants' collectively without specifying which Defendant is responsible for what." (DE [43] at p. 6-7). Plaintiff has brought this action against three Defendants in total; given there are ramifications for two other defendants and how they may choose to proceed, the Court sees value in allowing Plaintiff to amend her complaint. Further, Defendant identifies shifts in Plaintiff's argument from her Complaint to her responsive filings to the Motion. Taking into consideration that Plaintiff is proceeding *pro se*, the Court believes she should have the chance to clarify her claims.

Accordingly, it is hereby **ORDERED AND ADJUDGED** that:

1. Judge Maynard's Report and Recommendation (DE [43]) is **AFFIRMED AND ADOPTED**.

2. Defendant's Motion to Dismiss (DE [28]) is **GRANTED IN PART AND DENIED IN PART**.

3. Plaintiff's Complaint (DE [1]) is **DISMISSED WITHOUT PREJUDICE**. Plaintiff must file an Amended Complaint by **August 28, 2025**. The Amended Complaint must comply with the pleading requirements, and failure to comply with this Order will result in dismissal without further notice.

**DONE AND ORDERED** in Chambers, Fort Lauderdale, Florida, this 15th day of August 2025.

_____
RAAG SINGHAL
UNITED STATES DISTRICT JUDGE

Copies to counsel of record via CM/ECF

cc:     **Melissa Lors**
P.O. Box 213146
Royal Palm Beach, FL 33421
Email: Melissalors2010@yahoo.com
*PRO SE*