UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-80594-CIV-SINGHAL

MELISSA LORS,

    Plaintiff,

vs.

O&L LAW GROUP, P.L. *et al.*,

    Defendants.
_____/

## ORDER

Plaintiff Melissa Lors has sued Defendants O&L Law Group, P.L., Oliphant USA, LLC, and Accelerated Inventory Management, LLC, alleging they violated the Fair Debt Collection Practices Act, 15 U.S.C. Section 1692 *et seq.* by purchasing her debt without her consent.  (Compl. (DE [1])).  This Court dismissed Lors's complaint as a shotgun pleading but granted leave to amend.  (DE [46]).  Lors filed a Bill in Equity as her amended pleading, (the Amended Complaint)[1] (DE [47]), and all Defendants moved to dismiss (the "Motions").  (DE [48, 49]).  The Motions have been fully briefed and are ripe for review.  Because Lors's Amended Complaint is even less clear and even more of a shotgun pleading than her initial complaint, this Court **GRANTS** the Motions and dismisses the Amended Complaint with prejudice.

    I.    DISCUSSION

Federal Rule of Civil Procedure ("Rule") 8 requires a complaint to provide "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R.

---

[1] Even though Plaintiff has styled her pleading as a bill of equity, it operates as a complaint and must still meet the pleading standards of Federal Rule of Procedure 8.  *See, e.g.*, *Richardson v. Ally Fin.*, No. 1:23-CV-03948-SDG, 2024 WL 4355189, at *2 (N.D. Ga. Sept. 30, 2024).  To simplify this Order, this Court will refer to Plaintiff's pleading (DE [47]) as the Amended Complaint.

Civ. P. 8(a)(2).  Although Rule 8(a) does not require "detailed factual allegations," it does require "more than labels and conclusions."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  "[A] formulaic recitation of the elements of a cause of action will not do . . . ." *Id.*  To survive a motion to dismiss, "factual allegations must be enough to raise a right to relief above the speculative level" and must be sufficient "to state a claim for relief that is plausible on its face." *Id.* at 555.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A complaint must "give the defendants adequate notice of the claims against them and the grounds upon which each claim rests."  *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1323 (11th Cir. 2015).  Even though we liberally construe a *pro se* plaintiff's pleadings, the *pro se* plaintiff "must suggest (even if inartfully) that there is at least some factual support for a claim."  *Jones v. Fla. Parole Comm'n*, 787 F.3d 1105, 1107 (11th Cir. 2015).

As identified by the Eleventh Circuit Court of Appeals, Lors's Amended Complaint is a classic shotgun pleading.  Generally four categories of shotgun pleadings have been identified: (1) one "containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint[;]" (2) one that is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action[;]" (3) "one that... [does] not separat[e] into a different count each cause of action or claim for relief[;]" and (4) one that "assert[s] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions,

or which of the defendants the claim is brought against." *Weiland*, 792 F.3d at 1321–23 (citations omitted).

Lors's Amended Complaint plainly violates categories 2 and 3 of the shotgun pleading analysis.  First, the complaint makes conclusory statements and fails to allege actual factual claims and legal harms.  Half a page of the 3-page complaint is spent describing equity principles.  Another page is spent demanding equitable relief.  But in the Amended Complaint itself, only Paragraph 17[2] alleges any facts—that the publication of Lors's credit report continues to injure Lors.  The attached Exhibit 1 (DE [47-1]) does allege more facts—that various Defendants sold the loan accounts without her consent—but Lors does not explain what laws Defendants violated or what cause of action these facts support.[3]  Actually, other than the jurisdictional statement, no statutes or case law are referenced at all in the Amended Complaint.  It is impossible to determine what her cause or causes of action are against the Defendants.

Relatedly, the Amended Complaint falls into category 3 because there are no individualized causes of action in this Amended Complaint.  Lors lists the relief she requests (DE [47] p. 3), but she does not raise any causes of action or claims for relief.  There cannot be individualized causes of action if there are no causes of action at all.

---

[2] Considering the break in numbered paragraphs from 5 to 17, it is possible that Lors meant to file another page in her Amended Complaint.  However, Defendants pointed out Lors's failure to plead factual allegations, (DE [47] p. 3), but Lors did not address these deficiencies in her Response (DE [50]), nor did she raise the issue of filing an incomplete pleading.  If she had meant to file more pages, she also could have requested this Court grant her permission to edit her pleading.  She did not raise this issue, so this Court rules on the Amended Complaint in the state it appears before us.

[3] Contrary to Defendants Oliphant USA, LLC's and Accelerated Inventory Management, LLC's implication, this Court will always consider exhibits when evaluating a complaint, regardless of whether the plaintiff is represented by counsel or not.  *See Griffin Indus., Inc. v. Irvin*, 496 F.3d 1189, 1205 (11th Cir. 2007) ("Under the Federal Rules of Civil Procedure, these exhibits are part of the pleading 'for all purposes.'") (quoting Fed. R. Civ. Proc. 10(c)).

It is impossible to grant relief on a complaint that does not clearly allege legal causes of action, and Lors's shotgun pleading does not state any legal bases for relief. Lors comes to this Court seeking justice for alleged legal wrongs, but if she does not explain what the wrongs are, this Court cannot address them.

Defendants request that this Court dismiss Lors's Amended Complaint with prejudice. Dismissal with prejudice of a shotgun pleading is appropriate when a plaintiff has already been given an opportunity to amend, has been instructed how to properly plead her claims, and has been warned that failure to comply will result in dismissal. *See Gendron v. Connelly*, No. 22-13865, 2023 WL 3376577, at *2 (11th Cir. May 11, 2023). This Court already instructed Lors how to properly plead her complaint, and this Court warned Lors that her amended complaint would be dismissed without warning if she did not comply. (DE [46] p. 5). Rather than fixing her errors, Lors's Amended Complaint (DE [47]) is significantly worse than her initial complaint (DE [1]). Her initial complaint was broken into individual causes of action, explaining the factual allegations and the alleged legal violations. *See* (DE [1] ¶ 5-55). The problem though, was that Lors incorporated each prior cause of action into the next one and did not specify which cause of action was against which defendant. *See* (Report and Recommendation (DE [43] pp. 6-7). Her initial complaint amounted to a shotgun pleading under categories 1 and 4. But now, Lors's Amended Complaint qualifies as a shotgun pleading under categories 2 and 3. And unlike her initial complaint, it is now impossible to determine what legal claims Lors is raising at all. First it was not possible to determine who allegedly violated what law. Now it is not possible to determine what law was violated at all. This Court will not grant Lors another opportunity to amend.

II.  CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that:

1. Defendants' Motions (DE [48, 49]) are **GRANTED**.

2. Lors's Amended Complaint (DE [47]) is **DISMISSED WITH PREJUDICE**.

3. The Clerk of Court is directed to **CLOSE** this case, and any pending motions are **DENIED as MOOT**.

**DONE AND ORDERED** in Chambers, Fort Lauderdale, Florida, this 25th day of November 2025.

_____
RAAG SINGHAL
UNITED STATES DISTRICT JUDGE

Copies furnished counsel and parties via CM/ECF and U.S. Mail:

Melissa Lors
P.O. Box 213146
Royal Palm Beach, FL 33421